**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: BRUCE LEICHTY, | No. 22-55847 |
| Debtor, | D.C. No. 5:22-cv-00371-FWS |
| ———————————————— | |
| BRUCE LEICHTY, | MEMORANDUM* |
| Appellant, | |
| v. | |
| ROD DANIELSON, Trustee; THE BANKRUPTCY LAW FIRM, PC, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted October 18, 2023
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Appellant Bruce Leichty ("Leichty") appeals from an order of the district court affirming the bankruptcy court's fee award and modification of Leichty's Chapter 13 plan. Leichty and his wife, Kathryn Leichty (together, the "Debtors") filed a voluntary petition for Chapter 13 bankruptcy on September 5, 2018. The Debtors' Chapter 13 plan was confirmed on January 16, 2019. The Chapter 13 Trustee, Rod Danielson, (the "Trustee") filed a motion to dismiss the Debtors' Chapter 13 case on June 23, 2021, because the Debtors failed to submit their 2020 federal and state tax returns to the Trustee, as required by Central District of California Local Bankruptcy Rule 3015-1(o) (the "Local Rules"). The Debtors' attorney, Paul Lee ("Lee"), opposed the Trustee's motion, arguing that the Debtors had timely sought extensions for filing their tax returns until October 15, 2021. A hearing set for July 30, 2021, was continued until October 13, 2021, to give the Debtors a chance to file their returns and submit them to the Trustee.

Leichty was dissatisfied with the continuance and Lee's refusal to file a declaration "assert[ing] [Leichty's] entitlement to the full tax return filing extension period." Leichty then retained Kathleen P. March ("March") of The Bankruptcy Law Firm PC ("TBLF") for the limited purpose of obtaining a continuance until after October 15, 2021. TBLF filed a supplemental brief in opposition to the Trustee's motion on September 29, 2021, arguing that the Debtors had timely sought and received an extension to file their tax returns until

2

October 15, 2021. The Debtors submitted their returns to the Trustee before the October 13, 2021 hearing, and the Trustee withdrew his motion on October 12, 2021.

On December 15, 2021, TBLF filed a fee application, seeking $5,206 in attorney's fees. On January 26, 2022, the bankruptcy court granted the fee application and modified the Chapter 13 plan base by $4,416 to permit payment of the fees to TBLF. Leichty appealed to the district court, which affirmed. This appeal followed.

Exercising jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, we affirm. We review the district court's decision on an appeal from a bankruptcy court de novo. *Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 994 (9th Cir. 2014). A bankruptcy court's award of attorney's fees will not be disturbed "absent an abuse of discretion or an erroneous application of the law." *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 596 (9th Cir. 2006) (citations and internal quotation marks omitted).

1.      The bankruptcy court had jurisdiction to award attorney's fees to TBLF because bankruptcy courts have "inherent authority over the debtor's attorney's compensation." *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997). Moreover, the award of attorney's fees "can be construed as a core proceeding over which the bankruptcy court has

3

jurisdiction" under 28 U.S.C. § 157. *United States v. Yochum (In re Yochum)*, 89 F.3d 661, 669 (9th Cir. 1996).

The bankruptcy court had authority to modify the Chapter 13 plan upon TBLF's fee application to allow for the payment of the awarded fees. After confirmation, Chapter 13 plans "may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim." 11 U.S.C. § 1329(a). We have held that "an obligation to pay attorneys' fees . . . [is] a claim against the debtor's estate." *Am. Law Ctr. PC v. Stanley (In re Jastrem)*, 253 F.3d 438, 442 (9th Cir. 2001). TBLF therefore had standing to request modification of the Chapter 13 plan under 11 U.S.C. § 1329(a) and did so in its fee application. Further, the Debtors, the Trustee, and all creditors in the Chapter 13 proceeding received timely notice of the fee application, as required by Federal Rule of Bankruptcy Procedure 2002(a)(6) and Local Rule 2016-1(c)(3).

The bankruptcy court did not abuse its discretion in finding that TBLF's fees were reasonable under 11 U.S.C. § 330. Moreover, the bankruptcy court properly considered the 11 U.S.C. § 330(a)(3) factors in determining whether compensation was appropriate, including the rates charged by TBLF; the necessity or beneficial nature of TBLF's services to the Debtors; March's skills and professionalism; and March's hourly rate compared with similarly experienced attorneys.

2.  The district court did not err in denying Leichty's motion to reconsider his request that the district court require the Trustee to appoint counsel. A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

By virtue of his statutory duties, the Trustee is a real party in interest to this suit and thus is entitled to represent himself in this proceeding. A "real party in interest" is "any party to whom the relevant substantive law grants a cause of action." *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). "[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." *Estate of Spirtos v. One San Bernandino Cty. Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006). Furthermore, 11 U.S.C. § 1302(b)(2)(C) provides that a trustee "shall appear and be heard at any hearing that concerns modification of the plan after confirmation." Both the fee agreement between Leichty and TBLF and TBLF's fee application noted that TBLF's fees would be paid through the Chapter 13 plan, which would require modification. The Trustee was thus compelled by statute to appear in this matter because it could, and did, result in modification of the confirmed Chapter 13 plan. Because Leichty did not show that the district court committed clear error

resulting in manifest injustice by failing to order the Trustee to appoint counsel in this suit, the district court properly denied the motion for reconsideration.

3.      We decline TBLF's request to dismiss this appeal based on Leichty's failure to join his wife as an indispensable party. TBLF forfeited the issue by not raising it before the district court. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) ("A party normally may not press an argument on appeal that it failed to raise in the district court.").

**AFFIRMED**.